Filing # 24515755 E-Filed 03/05/2015 11:21:33 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**MARK CONWAY,**

       **Plaintiff,**                            CASE NO.:  13-CA-013228

**vs.**

**MARKUS VORBURGER,**                        DIVISION:  D
**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and GEICO
GENERAL INSURANCE COMPANY,**

       **Defendant.**

_____/

## AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, MARK CONWAY, by and through his undersigned attorneys, and sues the Defendants, MARKUS VORBURGER, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM"), a corporation, license and doing business in the state of Florida, and GEICO GENERAL INSURANCE COMPANY ("GEICO"), a corporation, license and doing business in the state of Florida, and alleges as follows:

1.      This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys fees.

2.      That at all times material hereto, the Plaintiff, MARK CONWAY, was and is a resident of Marco Island, Collier County, Florida.

3.      That at all times material hereto, the Defendant, MARKUS VORBURGER, was and is a resident of Stallikon, Switzerland.

Page 1 of 7

4.    That at all times material hereto, the Defendant, STATE FARM, was and is an insurance company licensed to do business in the state of Florida, was authorized to engage in the business of selling and underwriting insurance, and was doing business in Tampa, Hillsborough County, Florida.

5.    That at all times material hereto, the Defendant, STATE FARM, designated the Chief Financial Officer of Florida as its Registered Agent for services of process.

6.    That Defendant, STATE FARM, issued in exchange for a valuable consideration, policies of automobile insurance to MARK CONWAY, under policy numbers 575-3435-E05-13 000 and 679-5746-F29-13 000 (hereinafter referred to as the "State Farm Policies"), which provided insurance benefits to the Plaintiff, MARK CONWAY, (a copy of the automobile policy declarations provided by Defendant, STATE FARM, is attached hereto as Exhibit "A"). Further, the terms and conditions of the State Farm policies are incorporated herein by reference. Additionally, said policies were in full force and effect at all material and relevant times herein.

7.    That at all times material hereto, the Defendant, GEICO, was and is an insurance company licensed to do business in the state of Florida, was authorized to engage in the business of selling and underwriting insurance, and was doing business in Tampa, Hillsborough County, Florida.

8.    That at all times material hereto, the Defendant, GEICO, designated the Chief Financial Officer of Florida as its Registered Agent for services of process.

9.    That Defendant, GEICO, issued in exchange for a valuable consideration, a policy of automobile insurance to MARK CONWAY, under policy number 4061789758 (hereinafter referred to as the "Geico Policy"), which provided insurance benefits to the Plaintiff, MARK CONWAY, (a copy of the automobile policy declarations provided by Defendant, GEICO, is

Page 2 of 7

attached hereto as Exhibit "B"). Further, the terms and conditions of the Geico policy is incorporated herein by reference. Additionally, said policy was in full force and effect at all material and relevant times herein.

10.     That on or about April 25, 2013, the Defendant, MARKUS VORBURGER, operated a vehicle which was own by EAN Holdings, LLC and leased to the Defendant, MARKUS VORBURGER, from Enterprise Leasing Company of Florida, LLC d//b/a Alamo Rent-A-Car on CR951/Collier Boulevard at or near its intersection with Naples Heritage Drive in East Naples, Collier County, Florida.

11.     At the time of the rental of the vehicle the Defendant, MARKUS VORBURGER, purchased liability insurance from Ace American Insurance Company to cover all damages incurred while operating the leased vehicle from Enterprise Leasing Company of Florida, LLC d/b/a Alamo Rent-A-Car.

12.     That at said time and place, the Plaintiff, MARK CONWAY, was a passenger in a vehicle on CR951/Collier Boulevard at or near its intersection with Naples Heritage Drive in East Naples, Collier County, Florida.

13.     That at that time and place, the Defendant, MARKUS VORBURGER, negligently and carelessly operated or maintained said motor vehicle so as to cause an accident with the Plaintiff, MARK CONWAY'S, vehicle.

14.     That the policies from the Defendant, STATE FARM, provided for underinsured motorist benefits to the Plaintiff, MARK CONWAY.

15.     That the Plaintiff, MARK CONWAY, has complied with all terms and conditions precedent to entitlement to underinsured motorist benefits under the State Farm Policies.

Page 3 of 7

16.    That pursuant to the terms and conditions of the State Farm Policies, the Plaintiff, MARK CONWAY, has named the Defendant, STATE FARM, as a Defendant so as to allow the Defendant, STATE FARM, the opportunity to defend against the Plaintiff's claims for underinsured motorist benefits under the terms and conditions of the State Farm Policies.

17.    That despite demands by the Plaintiff, MARK CONWAY, to date, the Defendant, STATE FARM, has refused and continues to refuse to honor the Plaintiff's requests for payment under the applicable underinsured motorist provisions of the State Farm Policies.

18.    That Plaintiff, MARK CONWAY, has demanded payment of underinsured benefits from the Defendant, STATE FARM, but the Defendant has failed and refused to pay the same which is a breach of the Defendant's insurance contract with the Plaintiff.

19.    That the policy from the Defendant, GEICO, provided for underinsured motorist benefits to the Plaintiff, MARK CONWAY.

20.    That the Plaintiff, MARK CONWAY, has complied with all terms and conditions precedent to entitlement to underinsured motorist benefits under the Geico Policy.

21.    That pursuant to the terms and conditions of the Geico Policy, the Plaintiff, MARK CONWAY, has named the Defendant, GEICO, as a Defendant so as to allow the Defendant, GEICO, the opportunity to defend against the Plaintiff's claims for underinsured motorist benefits under the terms and conditions of the Geico Policy.

22.    That despite demands by the Plaintiff, MARK CONWAY, to date, the Defendant, GEICO, has refused and continues to refuse to honor the Plaintiff's requests for payment under the applicable underinsured motorist provisions of the Geico Policy.

23.    That Plaintiff, MARK CONWAY, has demanded payment of underinsured benefits

Page 4 of 7

from the Defendant, GEICO, but the Defendant has failed and refused to pay the same which is a breach of the Defendant's insurance contract with the Plaintiff.

## COUNT I - CLAIM FOR BODILY INJURY AGAINST MARKUS VORBURGER

24.    The Plaintiff, MARK CONWAY, restates and re-alleges paragraphs one (1) through twenty-three (23) as if stated fully herein.

25.    That as a direct and proximate result of the collision set forth herein, and the negligence of the Defendant, MARKUS VORBURGER, the Plaintiff, MARK CONWAY, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, the loss of ability to earn money, and an aggravation of a previous existing condition. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE,** the Plaintiff, MARK CONWAY, demands judgment against the Defendant, MARKUS VORBURER, for payment of damages, attorney's fees and costs, and for such other relief as this court may deem just and proper, and demands a trial by jury on all issues so triable.

## COUNT II - CLAIM FOR BODILY INJURY AGAINST STATE FARM

26.    The Plaintiff, MARK CONWAY, restates and re-alleges paragraphs one (1) through twenty-three (23) as if stated fully herein.

27.    That as a direct and proximate result of the accident set forth herein, and the negligence of the underinsured motorist and the Defendant, STATE FARM, the Plaintiff, MARK CONWAY, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical

nursing care and treatment, loss of ability to earn money, and an aggravation of a previously existing condition. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, the Plaintiff, MARK CONWAY, demands judgment against the Defendant, STATE FARM , for payment of damages, attorney's fees and costs, and for such other relief as this court may deem just and proper, and demands a trial by jury on all issues so triable.

### COUNT III - CLAIM FOR BODILY INJURY AGAINST GEICO

28.     The Plaintiff, MARK CONWAY, restates and re-alleges paragraphs one (1) through twenty-three (23) as if stated fully herein.

29.     That as a direct and proximate result of the accident set forth herein, and the negligence of the underinsured motorist and the Defendant, GEICO, the Plaintiff, MARK CONWAY, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical nursing care and treatment, loss of ability to earn money, and an aggravation of a previously existing condition. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, the Plaintiff, MARK CONWAY, demands judgment against the Defendant, GEICO , for payment of damages, attorney's fees and costs, and for such other relief as this court may deem just and proper, and demands a trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via electronic    mail    to:    Michael    A.    Tonelli,    Esquire,    Barr,    Murman    &    Tonelli,    P.A.,

Page 6 of 7

mtonelli@barrmurman.com and lsmall@barrmurman.com on this ____ day of March, 2015.

BUTLER & BOYD, P.A.

James T. Butler, Esquire
Fla. Bar No. 154948
Christopher Boyd, Esquire
Fla. Bar No. 792691
service@butlerboyd.com
Co-Counsel for Plaintiff
Butler & Boyd, P.A.
201 North Franklin Street, Suite 2880
Tampa, Florida 33602
(813) 229-3232 - Telephone
-and-
David E. Bryant, Esquire
Fla. Bar No.179284
aurumstat@aol.com
Co-Counsel for Plaintiff
Strand Executive Center
5633 Strand Blvd Ste 311
Naples, Florida 341107383
(239) 513-0550 - Telephone